UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Benchmark Insurance Company, | Case No. 20-cv-908 (JRT/TNL) |
| Plaintiff, | |
| v. | **ORDER** |
| SUNZ Insurance Company, et al., | |
| Defendants. | |

X. Kevin Zhao, Lawrence M. Shapiro, Mark L. Johnson, and Anna M. Tobin, Greene Espel PLLP, 222 South Ninth Street, Suite 2200, Minneapolis, MN 55402 (for Plaintiff); and

Anne M. Lockner, Robins Kaplan LLP, 2800 LaSalle Plaza, 800 LaSalle Avenue, Minneapolis, MN 55402 and Jason S. Oletsky and Christopher S. Carver, 350 East Las Olas Boulevard, Suite 1600, Fort Lauderdale, FL 33301 (for Defendant SUNZ Insurance Company).

This matter is before the Court on Plaintiff Benchmark Insurance Company's Motion for Leave to Deposit Interpleader Funds and Discharge. (ECF No. 44). For the reasons set forth below, the Court will grant the motion.

I. BACKGROUND

Plaintiff Benchmark Insurance Company has filed an interpleader action under 28 U.S.C. §§ 1335 and 2361. (ECF No. 1, p. 7). Plaintiff alleges that beginning in 2015, it appointed Defendant SUNZ Insurance Solutions ("SIS") to underwrite and issue large-deductible workers' compensation insurance policies. (ECF No. 1, p. 8). These policies required the insured to "post sufficient cash or cash-equivalent collateral to secure the

insured's obligations for claims within the deductible." (*Id*). Plaintiff and Defendant SUNZ Insurance Company ("SUNZ") then entered into a reinsurance contract that required Plaintiff to cede to SUNZ all premiums and losses on the policies that SIS issued on Plaintiff's behalf. (*Id.*).

SUNZ has informed Plaintiff that it believes Plaintiff is holding too much deductible collateral and has demanded that Plaintiff release it to SUNZ. (ECF No. 50, p. 5). Plaintiff conducted an analysis of 41 participants[1] in the Benchmark-SUNZ insurance program and determined that it was holding $20,533,594 in excess collateral. (ECF No. 50, pp. 5-6). It also identified an additional $17,292,117 that was available for release, though it noted it was unclear to whom that amount should be released. (*Id.*, p. 7). Both amounts were, at least at one time, being held in a trust account at Fifth Third Bank. (*Id.*).

Plaintiff alleges that Defendants may have adverse claims to some portion of the $20,533,594 in excess collateral that relates to the 41 participants in the Benchmark-SUNZ insurance program. (ECF No. 1, p. 12). It seeks, through this action, to deposit the $20,533,594 with the Court so that Defendants may litigate with one another how this amount should be allocated. (*Id.*, p. 13). On May 8, 2020, Plaintiff filed a motion seeking permission to deposit the approximately $20.5 million in interpleader funds. (ECF No. 44). Plaintiff also asked that, upon deposit of the interpleader funds, the Court dismiss discharge Plaintiff from liability with regard to those funds and enjoin Defendants from prosecuting any other proceeding with respect to the interpleader funds. In response, SUNZ argued that

---

[1] Nine participants were under-collateralized, however, so the excess deductible collateral relates only to 32 entities. (ECF No. 50, p. 6).

Plaintiff should be required to deposit additional funds beyond the approximately $20.5 million that was alleged in Plaintiff's complaint. The Court took the matter under advisement following a June 1, 2020 hearing.

## II.   ANALYSIS

Federal courts have original jurisdiction over any civil action of interpleader in which a company has possession of "money or property of $500 or more" and two or more adverse claimants of diverse citizenship "are claiming or may claim to be entitled to such money or property." 28 U.S.C. § 1335. To join defendants in an interpleader action, the plaintiff must demonstrate that their claims may expose the plaintiff to multiple liabilities and that the defendants have adverse claims against a "single fund or liability." *Gaines v. Sunray Oil Co.*, 539 F.2d 1136, 1141 (8th Cir. 1976). In order for the Court to have subject matter jurisdiction over an interpleader action brought under 28 U.S.C. § 1335, the plaintiff must deposit the money at issue into the registry of the Court. 28 U.S.C. § 1335(a)(2); *Acuity v. Rex, LLC*, 929 F.3d 995, 1000 (8th Cir. 2019). A stakeholder may not, however, compel a party to litigate a claim in an interpleader action unless the stakeholder deposits the sum claimed by that party with the Court. *Acuity*, 929 F.3d at 1000.

Here, Plaintiff and SUNZ agree that some amount of money should be deposited into the Court's registry; that SUNZ should be discharged from liability regarding the deposited sum; and that all Defendant-claimants should be enjoined from prosecuting any other proceeding regarding the deposited funds. Plaintiff and SUNZ dispute, however, the amount of money Plaintiff should be required to deposit. Plaintiff argues that it should be required to deposit $20,533,594, while SUNZ argues that Plaintiff should be required to

deposit the entirety of the trust fund, approximately $63 million, because Plaintiff's "admitted actions have placed that entire amount in dispute." (ECF No. 65, p. 7). Alternatively, SUNZ asserts that Plaintiff should be required to deposit an additional $17,292,117 because Plaintiff has admitted that it has no claim to those funds. (*Id.*).

The Court will require Plaintiff to deposit $20,533,594 in order for this interpleader action to move forward. This amount represents the total excess collateral held by the 32 insureds in the Benchmark-SUNZ insurance program. (ECF No. 50, p. 6). The additional amounts that SUNZ seeks to have deposited appear to relate to other collateral, which could involve insureds who are not parties to this action and who might have no interest in the approximately $20 million that is the subject of Plaintiff's complaint. (*See id.*, p. 7 (noting that it is unclear to whom the additional $17,292,117 should be released or what parties might have claims to those accounts)). The Court recognizes that both sums are being held in the same trust fund. But the fact that Plaintiff has initiated an action regarding excess collateral provided by participants in a certain insurance program fund does not mean that Plaintiff must initiate litigation as to all excess collateral held in the same trust fund. *See Gaines*, 539 F.2d at 1142 ("having commenced this action to determine rights to a specific fund arising under a particular agreement, [Amtel] cannot compel the litigation therein of a larger claim unrelated to the fund"). Plaintiff is within its rights to seek interpleader as to only those 32 insureds that might have a claim to the approximately $20.5 million.

In addition, when the defendant interpleads "willingly," it is "irrelevant" whether the plaintiff has posted enough to "compel" interpleader. *Aveka, Inc. v. Regenhard*, No. 17-cv-3793, 2018 WL 333506, at *2 (D. Minn. Jan. 8, 2018). In this case, SUNZ indicated

4

at the motion hearing that it would participate in this lawsuit regardless of the amount the Court ordered Plaintiff to deposit. Because SUNZ is willing to litigate issues related to the approximately $20.5 million, the Court need not determine whether deposit of the additional funds is necessary to compel SUNZ's participation in this matter.

The Court recognizes, however, that SUNZ is participating in this lawsuit reluctantly, based largely on its belief that Plaintiff would dismiss this matter if forced to deposit more than the amount asked for in its motion.[2] SUNZ has also alleged in a counterclaim that Plaintiff has breached the trust agreement (ECF No. 88) and expressed significant frustration with the lack of information that Plaintiff has provided regarding the additional amounts that are held in the trust fund. Recognizing these concerns, and the fact that the parties appeared poised to engage in time-consuming and expensive litigation, the Court will set an early settlement conference to address all issues that remain in this matter, including those alleged in the counterclaim. The Court urges the parties to engage frankly with one another as the settlement conference approaches so that these issues might be resolved quickly without the expenditure of further time and resources.

### III. CONCLUSION

Therefore, based upon the record, memoranda, and proceedings herein, **IT IS HEREBY ORDERED** as follows:

---

[2] SUNZ's belief is reasonable, based on the assertions Plaintiff made in its brief and at the hearing.

1. Plaintiff Benchmark Insurance Company's Motion for Leave to Deposit Interpleader Funds and Discharge is **GRANTED**. (ECF No. 44). Plaintiff shall be permitted to deposit $20,533,594 in interpleader funds with the Court's registry.

2. Upon depositing the interpleader funds, Plaintiff shall notify the Court of the deposit so that the Court may issue the appropriate orders discharging Plaintiff from liability with regard to the deposited sum and enjoining Defendants from prosecuting any other proceeding to recover any portion of the funds deposited.

3. A settlement conference will be set by separate order.

4. All prior consistent orders remain in full force and effect.

5. Failure to comply with any provision of this Order or any other prior consistent order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like, including without limitation: assessment of costs, fines and attorneys' fees and disbursements; waiver of rights to object; exclusion or limitation of witnesses, testimony, exhibits, and other evidence; striking of pleadings; complete or partial dismissal with prejudice; entry of whole or partial default judgment; and/or any other relief that this Court may from time to time deem appropriate.

Date: June 3, 2020                                  *s/ Tony N. Leung*
                                                    Tony N. Leung
                                                    United States Magistrate Judge
                                                    District of Minnesota

                                                    *Benchmark Insurance Company v. SUNZ Insurance Company, et al.*
                                                    Case No. 20-cv-908 (JRT/TNL)