# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Benchmark Insurance Company, | Case No. 20-cv-908 (JRT/TNL) |
| Plaintiff, | |
| v. | **ORDER** |
| SUNZ Insurance Company, et al., | |
| Defendants. | |

This matter is before the Court on SUNZ Insurance Company and SUNZ Insurance Solutions, LLC's Motion to Stay Pending Appeal. (ECF No. 501.) For the reasons set forth below, the Court will grant this motion.

## I. BACKGROUND

This case began as an interpleader action under 28 U.S.C. §§ 1335 and 2361. In 2015, Plaintiff appointed Defendant SUNZ Insurance Solutions (hereinafter "SIS") to underwrite and issue large-scale deductible workers' compensation insurance policies. (ECF No. 1 ¶ 13.) These policies required the insured to "post sufficient cash or cash-equivalent collateral to secure the insured's obligations for claims within the deductible." (*Id.* ¶ 14.) Plaintiff and Defendant SUNZ Insurance Company ("SIC") entered into a reinsurance contract that required Plaintiff to cede to SIC all premiums and losses on the policies that SIS issued on Plaintiff's behalf. (*Id.* ¶ 15.) SIC subsequently informed Plaintiff that it believed Plaintiff was holding too much deductible collateral and demanded that Plaintiff release it to SIC. (ECF No. 50 at 5.) Plaintiff, after conducting an analysis of the participants in the Benchmark-SIC insurance program, calculated that it was holding

1

approximately $20.5 million in excess collateral of a number of its insureds. (ECF No. 1 at 2.) On June 3, 2020, the Court ordered Plaintiff to deposit these interpleader funds with the Court's registry. (ECF No. 154.)

The majority of the insured defendants named in the original interpleader complaint have disclaimed their interest in the interpleaded funds, and these interpleaded funds were subsequently withdrawn by SIC. Butler America Holdings Inc. (hereinafter "Butler"), Century Employer Organization, LLC (hereinafter "Century"), and Payday, Inc. (hereinafter "Payday") (collectively the "Crossclaimants"), however, did not disclaim their interest and filed counterclaims against Plaintiff. (ECF Nos. 162, 163 & 227.)

Butler also filed a crossclaim against United Wisconsin Insurance Company (hereinafter "UWIC"), another interpleader defendant. (ECF No. 162.) This crossclaim has since been dismissed without prejudice. (ECF No. 462.) Century and Payday filed crossclaims against SIC. (ECF Nos. 163 & 227.) These crossclaims assert breach of contract claims related to the insurance policies against SIC. (*Id.*) Specifically, the breach of contract claims assert that the Program Agreement, which each Crossclaimant entered with SIS, was "superseded" by the insurance policies issued by SIC to Crossclaimants and thus "excluded the Program Agreement from application." (*See, e.g.*, ECF 163 ¶ 10.) The Program Agreements each contain an identical provision detailing dispute resolution procedure, including that "[i]n the event of any controversy or claim arising out of or relating in any way to this Agreement or the breach or alleged breach hereof, each of us irrevocably agree to submit the matter to mediation . . . [and] [w]here mediation is

unsuccessful, the parties shall submit the dispute to a binding arbitration." (*See* ECF Nos. 163-1 at 12-13 & 227-1 at 16.)

In July of 2020, SIC moved to dismiss Payday and Century's crossclaims based on lack of subject matter jurisdiction or, in the alternative, to compel arbitration of the crossclaims.[1] (ECF No. 296; *see also* ECF No. 297.) On February 23, 2021, the Honorable John R. Tunheim, Chief District Judge of the United States District Court for the District of Minnesota, denied the motion. (Mem. Op. and Order (hereinafter "Order"), ECF No. 463.)

Shortly thereafter, a number of events occurred. First, on March 5, 2021, the parties filed a Stipulation to Stay Discovery of Counterclaims and Crossclaims. (ECF No. 467.) In this stipulation, the parties expressed that their interpretation of Chief Judge Tunheim's Order was that the parties should litigate the issue as to whether Crossclaimants were entitled to the interpleaded funds prior to litigating any other claims. (*Id.* at 3-4 (citing Order at 19); *see also* ECF Nos. 464-66.) The parties proposed a schedule for SIS and SIC (collectively "SUNZ") and the Crossclaimants to file cross-motions for partial summary judgment "regarding the entitlement of the respective parties to the interpleader funds that have not been disclaimed" and a stay of discovery "with respect to all other claims . . . including those against [Plaintiff]." (ECF No. 467 at 4.)

On that same day, Plaintiff and SUNZ resolved all claims and stipulated to the dismissal of those claims.[2] (ECF No. 468.) Plaintiff has disclaimed all interest in the

---

[1] UWIC also moved to dismiss Butler's crossclaim. (ECF No. 297.) This crossclaim has since been dismissed without prejudice based on a stipulation between the parties. (*See* ECF Nos. 435 & 462.)
[2] These claims were formally dismissed with prejudice on March 9, 2021. (ECF No. 475.)

3

interpleaded funds and "takes no position on how the funds should be distributed or how disputes between the claimants should be resolved." (ECF No. 466.)

On March 12, 2021, the undersigned held a status conference. (ECF No. 479.) During this conference, the parties agreed that a partial stay of the proceedings would narrow discovery, focus issues, and pare down motion practice. On March 19, 2021, Crossclaimants moved to amend their claims. (ECF No. 481.) In this motion, Crossclaimants each seek to add a claim against Plaintiff and to add claims against SIS for the first time; Payday and Century seek to amend their claims against SIC; and Butler seeks to add claims against SIC for the first time. (*Id.* at 1.)

Then, on March 23, 2021, SIC appealed the February 23, 2021 Order to the Eighth Circuit pursuant to 9 U.S.C. § 16, as the Order denied SIC's motion to compel arbitration. (*See* ECF No. 491.) SUNZ now moves to stay the entirety of the proceedings, including the issue of the interpleaded funds, pending this appeal. (ECF No. 501.)

## II. ANALYSIS

**A. Motion to Stay Pending Appeal**

The parties all agree that this case should be stayed in some manner. SUNZ argues that the case should be stayed in its entirety pending appeal and Plaintiff does not oppose that motion. (ECF Nos. 503 & 505.) Crossclaimants argue that the matter should only be partially stayed and that the Court should consider cross-motions for partial summary judgment on the issue of the interpleaded funds, as was proposed by the parties on March 5. (ECF No. 509.) The Court finds that this matter should be stayed in its entirety pending appeal.

"The Eighth Circuit has not decided whether the appeal of an order denying a motion to compel arbitration divests the district court of jurisdiction to proceed with the case." *Engen v. Grocery Delivery E-Servs. USA Inc.*, No. 19-cv-2433 (ECT/TNL), 2020 WL 3072316, at *1 (D. Minn. June 10, 2020). A majority of the circuits "have concluded that a stay of district court proceedings is required unless the appeal is frivolous." *Id.* (collecting cases). Courts in this district are also split on this issue. *Compare Engen*, 2020 WL 3072316, at *2, *Unison Co., Ltd. v. Juhl Energy Dev., Inc.*, No. 13-cv-3342 (ADM/JJK), 2014 WL 2565652 at *2 (D. Minn. June 6, 2014), *and Messina v. N. Cent. Distrib., Inc.*, No. 14-cv-3101 (PAM/SER), 2015 WL 4479006, at *2 (D. Minn. July 22, 2015) (finding the majority approach persuasive) *with Pederson v. Trump*, No. 19-cv-2735 (JRT/HB), 2020 WL 4288316, at *4 (D. Minn. July 26, 2020) *and McLeod v. General Mills, Inc.*, No. 15-cv-494 (JRT/HB), 2015 WL 7428548, at *2 (D. Minn. 20, 2015) (concluding a stay is not automatic). The Court declines to take sides on this issue, as a discretionary stay is warranted in this case. *See Unison Co.*, 2014 WL 2565652, at *3 (finding that even if a stay were not mandatory "the Court would still stay the case on a discretionary basis in the interests of justice and judicial economy.")

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Cottrell v. Duke*, 737 F.3d 1238, 1248 (8th Cir. 2013) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)); *see also Armstrong v. Mille Lacs Cty. Sheriff's Dept.*, 112 F. Supp. 2d 840, 843 (D. Minn. 2000) ("As a Federal District Court, we have the inherent power to stay the proceedings of an action, so as to control our

docket, to conserve judicial resources, and to provide for the just determination of the cases which pend before us.") (citations omitted). "While the Court's inherent power to manage its docket places this decision within the Court's broad discretion, '[t]he proponent of the stay bears the burden of establishing its need.'" *KK Motors, Inc. v. Brunswick Corp.*, No. 98-cv-2307 (JRT/RLE), 1999 WL 246808, at *2 (D. Minn. Feb. 23, 1999 (alteration in original) (quoting *Clinton v. Jones*, 520 U.S. 681, 708 (1997)). This discretion extends to motions to stay pending the outcome of an appeal. *See Unity Healthcare, Inc. v. Cty. of Hennepin*, No. 14-cv-114 (JNE/JJK), 2015 WL 12977021, at *2 (D. Minn. Sept. 16, 2015) ("A district court has discretion to grant a stay during the pendency of an appeal. The party seeking a stay 'bears the burden of showing that the circumstances justify an exercise of [the district court's] discretion.'" (quoting *Nken v. Holder*, 556 U.S. 418, 434 (2009)), *report and recommendation adopted*, 2015 WL 12978156 (D. Minn. Nov. 4, 2015).

"In determining whether to grant a stay, the Court can consider '(1) whether the stay applicant has made a showing that [it] is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.'" *Morgan Stanley Smith Barney LLC v. Johnson*, No. 17-cv-1101 (PAM/TNL), 2018 WL 5314945, at *1 (D. Minn. Oct. 26, 2018) (citing *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)). "These factors are not rigid, and the court should make individualized judgments in each case." *Unity Healthcare, Inc.*, 2015 WL 12977021, at *2 (citing *Hilton*, 481 U.S. at 777) (quotation marks omitted). Balancing the four factors, the Court finds that they weigh in favor of staying the case.

Considering SIC's likelihood of success on its appeal, the Court notes that SUNZ provides two major reasons the Court erred in denying its motion to compel arbitration: first, that the Court relied on an inapposite case and ignored controlling precedent; and second, that under Florida Law, "the Program Agreement is valid and enforceable in full." (Mem. in Supp. at 18, ECF No. 503).[3] SUNZ argues that the Court's Order called into question the validity of the entire Program Agreement as opposed to the arbitration provision, which is a question for an arbitrator, not for a court. (*Id.* at 22-23.) SUNZ also indicates that courts in other jurisdictions have upheld the validity of the Program Agreement. (*Id.* at 24-28.) Crossclaimants counter that "an arbitration provision contained within a Program Agreement with SIS cannot compel Payday and Century to arbitrate their crossclaims against SIC for breaches of the insurance policy." (Mem. in Opp'n at 6, ECF No. 509.) The Court ultimately finds that while SUNZ has demonstrated a valid basis for SIC prevailing on appeal, that this factor is neutral as to whether or not the case should be stayed.

As to the second factor, SUNZ states that it will be irreparably harmed if this matter is not stayed pending appeal because it will "be deprived of the rights and benefits of the arbitration provision plainly set forth in the Program Agreement" and because "it will be required to litigate claims already litigated . . . in Florida fora." (Mem. in Supp. at 28.) SUNZ cites to other cases where Payday and Butler have litigated under a similar theory that the insurance policies void the Program Agreement, including cases where different

---

[3] The Court uses the ECF pagination when citing to this document.

courts ruled in favor of SIC or SUNZ.[4] (*Id.* at 29-33.) Crossclaimants argue that because they have agreed to stay these proceedings except for the legal issue pertaining to the interpleaded funds, that SUNZ has not adequately demonstrated that they will be irreparably harmed in the absence of a stay of the entire case. (Mem. in Opp'n at 8.) They also add that many of the cases SUNZ is litigating in other jurisdictions do not include Century or Payday. (*Id.*) The Court finds that this factor does not weigh heavily in favor of one party or another. While SUNZ would have to expend time and resources litigating the proposed cross-motions for partial summary judgment, this alone does not demonstrate irreparable harm. *See Pederson*, 2020 WL 4288316, at *5. Litigating the limited issue of the interpleaded funds at this juncture, however, may nevertheless implicate the same Program Agreement SUNZ wishes to benefit from upon a successful appeal of the Order denying the motion to compel arbitration. Thus, this factor weighs slightly in favor of a stay.

As to the third factor, the Court finds that Crossclaimants will not be substantially harmed by a stay pending appeal and thus this factor weighs in favor of staying the case. Crossclaimants have already stipulated to staying all aspects of the matter, including their crossclaims, except for the limited issue of the interpleaded funds. (Mem. in Opp'n at 9.) The Court also believes that resolution of the appeal may help clarify the issue of the interpleaded funds.

---

[4] One of these cases did not include Butler or Century, but instead was a suit between SIS and Nexem Staffing, Inc., an affiliate of Butler. (*See id.* at 31.)

The Court finds that the fourth factor, public interest, also weighs in favor of a stay. It is this Court's job to ensure "the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. The competing contracts at issue in this case, and the fact that the Eighth Circuit is considering the Program Agreement, suggest staying this matter will preserve resources and be economical for the parties and the Court alike. *See Unison Co.*, 2014 WL 2565652, at *3 ("Given the contracts at issue, the Court finds devoting further resources to this case unwarranted while the Eight Circuit resolves the issue of the appropriate forum. A stay under the circumstances of this case will conserve resources, avoid inconsistent rulings, and reduce uncertainty.") The Program Agreement executed by each Crossclaimant and SIS address deductible collateral (*see, e.g.*, Program Agreements, ECF No. 163-1 at 16 & ECF No. 227-1 at 20 (discussing return of collateral); *see also* Order at 5 (stating that the Program Agreements "address Deductible Collateral requirements.").) The interpleaded funds are excess deductible collateral. Allowing the parties to litigate the issue of entitlement to the interpleaded funds risks inconsistent rulings and potential costs that need not be expended while the Eighth Circuit resolves the issue of whether or not these issues will be arbitrated.

The Court finds the that while the first two factors are neutral or only slightly favor a stay, that the second two factors weigh in favor of staying the case. Thus, weighing all four factors, the Court finds that a stay is warranted in this case pending outcome of the appeal.

**B. Motions to Amend**

Because the Court is granting SUNZ's motion to stay pending appeal, it denies without prejudice Payday, Inc., Butler America Holdings, Inc., and Century Employer Organization, LLC's Motions to Amend. (ECF No. 481.) Payday, Butler, and Century may renew this motion after the Eighth Circuit's resolution of the appeal.

### III. ORDER

Therefore, based on the foregoing, and all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. SUNZ Insurance Company and SUNZ Insurance Solutions, LLC's Motion to Stay Pending Appeal (ECF No. 501) is **GRANTED**.

2. Payday, Inc., Butler America Holdings, Inc., and Century Employer Organization, LLC's Motions to Amend (ECF No. 481) is **DENIED WITHOUT PREJUDICE**.

3. All prior consistent orders remain in full force and effect.

4. Failure to comply with any provision of this Order or any other prior consistent Order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like, including without limitation: assessment of costs, fines and attorneys' fees and disbursements; waiver of rights to object; exclusion or limitation of witnesses, testimony, exhibits and other evidence; striking of pleadings; complete or partial dismissal with prejudice; entry of whole or partial default judgment; and/or any other relief that this Court may from time to time deem appropriate.

Date: May __12__, 2021

                                                                 *s/Tony N. Leung*
                                                       Tony N. Leung
                                                       United States Magistrate Judge
                                                       District of Minnesota

                                                       *Benchmark Ins. Co. v. SUNZ Ins. Co., et al.*
                                                       Case No. 20-cv-908 (JRT/TNL)