UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Benchmark Insurance Company,

    Plaintiff,

v.

SUNZ Insurance Company, et al.,

    Defendants.

Case No. 20-cv-908 (JRT/TNL)

**ORDER**

On June 3, 2020, the Court ordered Plaintiff Benchmark Insurance Company to deposit $20,533,594 in interpleader funds with the Court's registry. (ECF No. 154.) Defendant SUNZ Insurance Company ("SUNZ") has moved under Federal Rule of Civil Procedure 67(b) and Local Rule 67.2 for an order permitting it to withdraw $1,003,844 of those funds, which SUNZ claims represents the sum disclaimed by Defendant-claimant Century Employer Organization, LLC ("Century") in this litigation.[1] (ECF No. 534.) Century has disclaimed its interest in the funds at issue and has asked that those funds be released to SUNZ. (ECF No. 533.) The parties filed a stipulation for dismissal of Century's crossclaims and counterclaims. (ECF No. 537.) The stipulation was granted, and Century is no longer a party to this litigation. (ECF No. 539.)

Therefore, based upon the record, memoranda, and proceedings herein, **IT IS HEREBY ORDERED** as follows:

---

[1] On May 12, 2021, this Court granted SUNZ's motion to stay pending appeal. (ECF No. 515.) SUNZ subsequently requested, and this Court granted, limited relief from the stay for the purposes of SUNZ's motion to withdraw funds disclaimed by Century. (ECF Nos. 530, 532.)

1. SUNZ Insurance Company's Motion to Withdraw $1,003,844 from the Court Registry under Federal Rule of Civil Procedure 67(b) and Local Rule 67.2 (ECF No. 534) is **GRANTED.**

2. The 30-day waiting period provided for by D. Minn. Local Rule 67.2 is waived.

3. Upon entry of this Order, the Clerk of Court is directed to issue a check in the amount of $1,003,844, which funds are now on deposit in the Court's registry, payable to SUNZ Insurance Company.

4. All prior consistent orders remain in full force and effect.

5. Failure to comply with any provision of this Order or any other prior consistent order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like, including without limitation: assessment of costs, fines and attorneys' fees and disbursements; waiver of rights to object; exclusion or limitation of witnesses, testimony, exhibits, and other evidence; striking of pleadings; complete or partial dismissal with prejudice; entry of whole or partial default judgment; and/or any other relief that this Court may from time to time deem appropriate.

Date: February  28  , 2022

       *s/Tony N. Leung*
Tony N. Leung
United States Magistrate Judge
District of Minnesota

*Benchmark Ins. Co. v. SUNZ Ins. Co. et al.*
Case No. 20-cv-908 (JRT/TNL)